## Bove v. Hazleton Zoning Board

*Anthony P. Sidari*, for plaintiff.

*J. J. McCluskey*, for objectors.

ASTON, J., September 8, 1971.—This case comes before the court pursuant to the appeal of Joseph A. Bove (appellant) from a decision by the Zoning Hearing Board of the City of Hazleton denying him a variance and/or continuance of a nonconforming use upon a certain tract of land now leased by appellant. The decision of the board was by a split decision of two members of the three-man board, one of the

members of the board being disqualified by virtue of his being a protestant to the proposed variance. The result of the split was to sustain the action of the zoning officer in denying the variance. Pursuant to the Pennsylvania Municipalities Planning Code, article X, sec. 1009, 53 PS §11009, this court granted a hearing upon the matter.

The issue arises because appellant, who owns a grocery store in an area zoned commercially, proposes to establish a parking lot for his customers upon the subject land which lies in an area zoned "R-4" or residential, said zoning not permitting parking lots of the desired character.

The testimony adduced at the hearing before this court indicated that the lot in question has an area of 64 by 140 feet, and has been used for the past 14 years (predating the zoning ordinance in question) as a site for two large commercial billboards. The land lies on the corner of Berner Avenue and Poplar Street, 72 feet from appellant's grocery store on Poplar Street. The store itself lies on the edge of a commercially zoned district. Appellant's grocery store at present has inadequate parking facilities and his customers must frequently find parking on the street in front of his store or close to the front of a nearby fire company. The lot is bounded on the south by a warehouse, on the north by a restaurant, and on the west (across the street) by a barber shop and a music store. Thus, this lot is already surrounded by uses of a character more commercial than that of a private parking lot.

While the court cannot agree that the mere continuance of a nonconforming use is involved, since billboards and parking lots are differing nonconforming uses, it is my opinion that a variance should have been granted in the circumstances presented.

The governing section of the Hazleton zoning ordinance provides that "Variances shall be granted only in those instances where, owing to special conditions, literal enforcement . . . would render property unusable, or impose undue hardship": Article VIII, sec. 82.21, page 88. Bove's land must fall within this exception if a variance is to be permitted.

In the instant case, there would seem to be great benefit to the public and the neighborhood in general if this weed-covered lot, improved only with two large billboards, were to be converted into a paved private parking area. Additionally, because of the surrounding commercial properties, it would be an inequitable and unjust result to require a residential use of this lot by its owners or lessee. To do so would substantially reduce the value of the property and work an undue hardship. Accordingly, a variance would be indicated on these grounds alone.

It would seem that the change from one nonconforming use (billboards) to another (private parking lot) would, in this instance, be esthetically more acceptable to a residential neighborhood, since it is a less commercial use of the land and also would reduce the burden of parking on the street. In such circumstances, the Pennsylvania Supreme Court has indicated, at least by implication, that a variance should be favored. See O'Neill v. Philadelphia Zoning Board of Adjustment, 384 Pa. 379, 120 A. 2d 901.

There is however, additional authority for the establishment of off-street parking upon this lot. Section 61.10 of the Hazleton zoning ordinance provides as follows:

"*Enlargement.* Non-conforming land use shall not be enlarged or extended to occupy a greater area of land plot than was occupied at the effective date of this ordinance, or amendments thereto; except that

additional land use may be acquired to provide off-street parking, loading and unloading facilities, and to improve safety conditions in a location."

This section of the ordinance specifically authorizes expansion of a nonconforming use to provide off-street parking, expressing a preference for improvement of safety conditions rather than strict adherence to zoning restrictions. It is evident that appellant's desire to establish off-street parking for his customers falls within the spirit, if not the letter of the sanction of this section. For this reason, as well, the variance should be granted.

Any variance granted herein, must, however, be limited to use of the parking facilities during the hours of operation of appellant's store, and with ingress and egress provided in the manner proposed by appellant at the hearing of this matter.

### ORDER

The decision of the Zoning Board of Adjustment of the City of Hazleton, is reversed, and a variance is hereby granted, subject to the conditions referred to in the foregoing decision.